UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bimbo Bakeries USA, Inc., | Case No. 25-cv-1719 (JRT/DJF) |
| Plaintiff/Counter Defendant, | |
| v. | ORDER |
| Bakery, Confectionary, Tobacco Workers and Grain Millers Union Twin Cities, Local 22, | |
| Defendant/Counterclaimant. | |

Plaintiff Bimbo Bakeries USA, Inc. ("Plaintiff") filed this action to vacate a labor arbitration award issued in favor of Bakery, Confectionary, Tobacco Workers and Grain Millers Union Twin Cities, Local 22's ("Defendant"). (*See* ECF No. 1 at 1.) After it answered the Complaint, Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 11), which remains pending. This matter is now before the Court on Defendant's *Motion for a Stay of Discovery* ("Motion") (ECF No. 22).

Defendant notes that: (1.) its motion for judgment on the pleadings raises a narrow question of law, namely, whether the arbitrator's award draws its essence from the parties' collective bargaining agreement (*see* ECF No. 11; ECF No. 23 at 4-5); and (2.) because judicial review is limited, courts routinely decide arbitration disputes such as this one without discovery (*see* ECF No. 23 at 5). Defendant further argues Plaintiff's demand for discovery "about Defendant's dealings with seventeen other signatory employers, hundreds of other unions, and hundreds of members" is both unduly burdensome and disregards the employees' rights under the National Labor Relations Act, 29 U.S.C. §§ 151, et seq., to keep their union activities confidential (*see id*. at 6). Defendant asks the Court to stay discovery pending the outcome of its motion for judgment on the pleadings

and further requests an award of its reasonable attorney's fees and litigation costs associated with bringing the Motion for a stay.

Plaintiff opposes the Motion on the grounds that: (1.) the Motion is untimely insofar as Defendant filed it a week after its discovery responses were due; (2.) Defendant has not established undue burden or good cause for a stay; and (3.) discovery is necessary to resolve the underlying arbitration dispute. (*See* ECF No. 29.) For the reasons given below, the Court grants Defendant's request for a stay and denies Defendant's request for attorney fees.

First, Plaintiff's contention that Defendant's Motion is untimely is wholly without merit. The Court notes that Plaintiff served its discovery requests before the Pretrial Scheduling Conference took place. (*See* ECF No. 29 at 2, noting Plaintiff served its requests on June 27, 2025; ECF No. 16, Pretrial Scheduling Conference on July 7, 2025.) During that conference, the Court expressed skepticism about Plaintiff's demand for immediate discovery and, in an effort to avoid unnecessary litigation costs, instructed the parties to meet and confer regarding whether they could stipulate to a stay of discovery pending resolution of Defendant's motion for judgment on the pleadings. (ECF No. 16.) After its efforts to negotiate a stipulation failed (*see* ECF No. 26), Defendant called the Court on July 28, 2025 to request a hearing on its Motion to stay pursuant to Local Rule 7.1 (*see* ECF No. 21). Plaintiff admits Defendant's responses to its discovery requests *were not due until that date* (*see* ECF No. 29 at 2). In response to Defendant's request, the Court entered an Order that *expressly* gave Defendant until August 4, 2025 to file its Motion (ECF No. 21). Defendant promptly filed its Motion on the August 4, 2025 due date set by the Court's order. Plaintiff's suggestion that the Motion is untimely, when it plainly satisfied the Court's deadline, is frivolous.[1]

---

[1] Standing alone, the frivolous nature of this argument would support Defendant's request for attorney fees. The Court denies Defendant's request for fees, however, because Plaintiff opposes the Motion on additional grounds that are at least colorable, albeit unpersuasive.

Second, the Court finds good cause for a stay. Federal courts have the power to stay discovery in civil cases based on two sources of authority: (1.) Rule 26 of the Federal Rules of Civil Procedure, which invests courts with broad powers in regulating the course of discovery; and (2.) the inherent authority of courts to control their own dockets, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The party asking the court to stay discovery has the burden of showing good cause." *United States v. Agri Stats, Inc.*, No. 23-cv-3009 (JRT/JFD), 2024 WL 3061570, at *2 (D. Minn. May 17, 2024). When a party asks a court to stay discovery because of a pending dispositive motion, the court may consider a wide range of factors, including "the merits of the motion, the scope of discovery, the potential harm to the plaintiff if discovery is delayed, the potential hardship or injustice to the defendant if discovery proceeds, and the resources of the parties and the Court." *In re Pork Antitrust Litigation*, No. 18-cv-1776 (JRT/HB), 2019 WL 480518, at *3 (D. Minn. Feb. 7, 2019).

Almost every factor listed above weighs in favor of staying discovery.[2] Plaintiff requests broad swaths of communications with many different entities. (*See* ECF No. 25-1 at 19-20.) This is far from a small request and Plaintiff does not suggest otherwise (*see* ECF No. 29 at 5-6). The potential burden on Defendant posed by Plaintiff's demands is significant. Against this significant burden, Plaintiff asks the Court to weigh Plaintiff's alleged need for discovery to "flesh out the grounds to support its position" in a forthcoming motion to vacate the arbitration award. (*See* ECF No. 29 at 6-7.) But Plaintiff's anticipated motion is not presently before the Court, and the deadline for dispositive motions is many months away (*see* ECF No. 17). Defendant seeks to stay discovery

---

[2] The Court declines to consider the merits of the pending motion for judgment on the pleadings because the remaining factors weigh decidedly in favor of staying discovery and because that motion is not before the undersigned. *See In re Pork Antitrust Litigation*, 2019 WL 480518, at *3; *Allen v. Agreliant Genetics, LLC*, No. 15-cv-3172 (LTS/CJW), 2016 WL 5416418, at *3 (N.D. Iowa Sept. 26, 2016).

only until its pending motion for judgment on the pleadings under Rule 12(c) is resolved. With limited exceptions, courts may not consider documents outside the pleadings in resolving a motion under Rule 12(c). *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A discovery stay thus will not prejudice Plaintiff's ability to argue its position, in opposition to Defendant's Rule 12(c) motion, that the arbitration award should not be enforced at this juncture: If the district judge determines that the merits of this dispute cannot be decided based on the pleadings alone, then the case can proceed to discovery at that time.

Furthermore, the pending Rule 12(c) motion may significantly narrow or resolve this matter entirely, which would render all discovery efforts a pointless exercise and expense. Defendant correctly observes that a district court's authority to vacate an arbitrator's decision is quite limited. *See McGrann v. First Albany Corp.*, 424 F.3d 743, 748-49 (8th Cir. 2005). Though the undersigned will not weigh in on the merits of the Rule 12(c) motion pending before the district judge, there is good cause to predict that discovery in this action, if any, will need to be similarly circumscribed. *See Levy v. Citigroup Global Markets, Inc.*, No. 06-cv-21802, 2006 WL 8432741, at *1 (S.D. Fl. Oct. 17, 2006) ("[D]iscovery in proceedings to confirm or vacate arbitration awards is limited."). A stay of discovery is therefore warranted to conserve the resources of the parties and the Court.

Finally, the Court denies Defendant's request for attorney's fees pursuant to Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure. Defendant does not seek a protective order pursuant to Rule 26(c)(3), so that Rule is inapposite. Defendant instead requests a stay pursuant to the Court's inherent discretion and authority. (*See* ECF No. 23 at 4.) While the Court grants Defendant's Motion, this exercise of the Court's discretion could not be presumed, and the Court does not penalize Plaintiff for opposing it.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Defendant Bakery, Confectionary, Tobacco Workers and Grain Millers Union Twin Cities, Local 22's *Motion for a Stay of Discovery* (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Discovery in this matter is **STAYED** pending resolution of Defendant's Motion for Judgment on the Pleadings (ECF No. 11); and

2. Defendant's request for attorney's fees and costs is **DENIED**.

Dated: August 18, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge